IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| KALIYAMOORTHY ARUNACHALAM <br> 301 West Side Drive, Apt. 303 <br> Gaithersburg, MD 20878 <br><br> PLAINTIFF, <br><br> v. <br><br> SHORI SERVICES, LLC <br> d/b/a Kaveri South Indian Restaurant <br> 22769 Sweetspire Drive <br> Clarksburg, MD 20871 <br><br> and <br><br> AROKIYASELVAM GANAPAKASAM <br> 22769 Sweetspire Drive <br> Clarksburg, MD 20871 <br><br> DEFENDANTS. | Case No. |

## COMPLAINT

Plaintiff Kaliyamoorthy Arunachalam ("Plaintiff"), by and through undersigned counsel, hereby files his Complaint against Defendants Shori Services, LLC d/b/a Kaveri South Indian Restaurant ("Shori Services") and Arokiyaselvam Ganapakasam, to recover unpaid wages, liquidated damages, treble damages, interest, and reasonable attorney's fees and costs under the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), the Maryland Wage and Hour Law, Maryland Code Annotated, Labor and Employment Article §§ 3-401 *et seq.* ("MWHL"), and the Maryland Wage Payment and Collection Law, Maryland Code Annotated, Labor and Employment Article §§ 3-501 *et seq.* ("MWPCL"), as well as causes of action for breach of contract and unjust enrichment.

**PARTIES**

1.      Plaintiff Kaliyamoorthy Arunachalam ("Mr. Arunachalam" or "Plaintiff") is an adult resident of the State of Maryland and was employed by Defendants at Kaveri South Indian Restaurant from approximately November 2019 through June 2021.

2.      Defendant Shori Services, LLC ("Shori Services") is a Limited Liability Company formed under the laws of the State of Maryland, with a principal office registered in Clarksburg, Maryland. Shori Services owns and operates Kaveri South Indian Restaurant, a restaurant in Montgomery County, Maryland, at 9011 Gaither Rd, Gaithersburg, MD 20877.

3. Shori Services is Plaintiff's "employer" as that term is defined within the FLSA, the MWHL and the MWPCL, because, through its agents, owners, officers and/or members, it employed the Plaintiff directly, hired him, set his rate of pay, set the terms and conditions of his employment, set his schedule, directed him in the performance of his work, assigned the work, and maintained employment records for Plaintiff and paid his wages.

4.      Defendant Arokiyaselvam Ganapakasam ("Ganapakasam") is a principal owner and operator of Shori Services d/b/a Kaveri South Indian Restaurant. Ganapakasam is an "employer" of Plaintiff within the meaning of the FLSA, the MWHL, and the MWPCL because he is an owner, officer, and/or member of Shori Services, who is significantly involved in the business operations. Specifically, (1) he is responsible for creating and enforcing Shori Services policies and procedures governing employee pay and benefits, (2) he controls the corporate funds which were used to pay Plaintiff and other employees, and he could and did allocate funds as profits for his own benefit, (3) he set and approved the rates of pay for Plaintiff and other employees who are non-exempt and acted with knowledge of or approved the unlawful pay practices, (4) he had authority to hire, fire and discipline Plaintiff, (5) he supervised Plaintiff,

2

established his work schedule; (6) he made or approved the decision to engage in the illegal pay practices (failing to pay Plaintiff due and owed wages) that are the subject of this complaint, and (7) he maintained Plaintiff's employment records.

## **JURISDICTION**

5. The jurisdiction of this Court is based upon 28 U.S.C. § 1331 and 29 U.S.C. § 217. The Court has subject matter jurisdiction under § 1331 because Plaintiff's claims involve federal questions, and the Court has pendant jurisdiction over the Plaintiff's state law claims under 28 U.S.C. § 1367.

6. This Court has *in personam* jurisdiction over Defendants because they conduct business in the Southern Division of this Judicial District, their principal place of business is located in this Judicial District, and the events giving rise to these claims occurred in Montgomery County, Maryland.

## **FACTS**

7. On or about November 2019, Shori Services bought and acquired the Kaveri South Indian Restaurant ("Restaurant") in Gaithersburg, MD.

8. Since 2016, Mr. Arunachalam worked for the Restaurant in the position of franchise manager under the previous owners.

9. Once taking ownership of the Restaurant, Defendants hired Mr. Arunachalam as a general manager of the Restaurant. Mr. Arunachalam performed various duties to keep the Restaurant running properly, including chef, dishwasher, and host duties. He also helped order and maintain the Restaurant's supplies.

10. Defendants Shori Services and Ganapakasam offered and promised to pay Mr. Arunachalam compensation in the amount of $7000.00 per month, with bi-weekly payments of $3,500.00.

11. Defendants Shori Services and Ganapakasam also persuaded Mr. Arunachalam to work for them by claiming he would be a "partner" in the Restaurant and would receive 25% of all profits generated by the Restaurant. Defendants purportedly gave Mr. Arunachalam CLASS B stock in Shori Services.

12. Mr. Arunachalam's typical and customary hours worked at the Restaurant were approximately 12-14 hours a day, seven days a week.

13. From November 2019 through the end of June 2021, Mr. Arunachalam worked on average, approximately eighty-four (84) to ninety-eight (98) hours per week.

14. Defendants failed to maintain accurate time records of hours worked by Mr. Arunachalam.

15. From November 2019 through July 2021, Defendants failed to pay Mr. Arunachalam the agreed-upon $7,000.00 per month in compensation while working for the Restaurant.

16. Defendants failed to pay Mr. Arunachalam *any* wages from the onset of his employment, November 2019, through October 2020. Mr. Arunachalam also never received any profits nor benefits of an alleged "partner."

17. From October 2020 to March 2021, Defendants only paid Mr. Arunachalam approximately $3,300.00 a month. In April and May 2021, Defendants only paid Mr. Arunachalam approximately $4,000.00 a month.

18. In June 2021, Mr. Arunachalam could not continue working for Defendants without being paid his promised wages. He tendered his resignation. Defendants' failure to pay Mr. Arunachalam his promised wages made it extremely difficult for him to support himself financially and caused him severe financial hardship.

19. Based on his agreement with Defendants, Mr. Arunachalam is due and owed an outstanding balance of approximately $107,050.00 in earned wages during his employment.

20. Following his resignation, Mr. Arunachalam requested his due and owed wages on multiple occasions. In response to the requests for payment, Defendants did not deny that Mr. Arunachalam was owed the wages but failed to pay oustanding amounts.

21. At various times throughout Plaintiff's employment, Defendants failed to pay *any* wages to Plaintiff, not even the mandated state, federal, or Montgomery County minimum wage rates.

22. Defendants failed to make any regular or consistent salary basis payments.

23. Defendants' failure to pay Plaintiff for all wages required by the MWHL, MWPCL, and FLSA was willful and intentional, and was not in good faith. Additionally, there existed no *bona fide* dispute as to whether Defendants owe Plaintiff for the unpaid hours Plaintiff worked.

## CAUSES OF ACTION

### COUNT I
**Violation of Federal Fair Labor Standards Act- Minimum Wage**

24. Plaintiff realleges and reasserts each and every allegation set forth in Paragraphs 1-23 above, as if each were set forth herein.

25. Section 206(a)(1) of the FLSA provides that no employer shall employ any employee for an hourly wage of less than the federal minimum wage.

26. Plaintiff was an "employee" covered by the FLSA, 29 U.S.C. § 206(a)(1), and Defendants were his employer.

27. Defendants were obligated to compensate Plaintiff for all hours worked at not less than the federal minimum wage.

28. As set forth above, Defendants either failed to pay Plaintiff any wages, or paid him at a rate less than the required federal minimum wage.

29. Defendants have failed and refused to compensate Plaintiff properly and as required by the FLSA for numerous hours worked.

30. Defendants' failure and refusal to pay Plaintiff as required by the FLSA was willful, intentional and was not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiff under Count I for all unpaid wages in such amounts as are proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post- judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

## COUNT II
### Violation of Federal Fair Labor Standards Act- Overtime

31. Plaintiff realleges and reasserts each and every allegation set forth in Paragraphs 1-30 above, as if each were set forth herein.

32. Section 207(a)(1) of the FLSA provides that "no employer shall employ any of his employees…for a workweek longer than forty (40) hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one-and-one-half (1½) times the regular rate at which he is employed."

33. Plaintiff was an "employee" covered by the FLSA, 29 U.S.C. § 207(a)(1), and Defendants were his "employer" under the FLSA, 29 U.S.C. § 207(a)(2). Plaintiff is a non-exempt employee under FLSA as Defendants failed to regularly pay him an amount equal to the FLSA's minimum salary basis threshold.

34. Defendants, as Plaintiff's employer, were obligated to compensate Plaintiff at the overtime rate of one-and-one-half (1½) times his regular rate for all hours worked per week in excess of forty (40).

35. As set forth above, Plaintiff worked many overtime hours.

36. As set forth above, Defendants failed and refused to compensate Plaintiff at the FLSA-required overtime rate equal to one-and-one-half (1½) times his regular rate of pay for his overtime hours worked each week.

37. Defendants' failure and refusal to pay Plaintiff as required by the FLSA was willful, intentional and was not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiff under Count II for all unpaid wages in such amounts as are proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post- judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

## COUNT III
### Violation of Maryland Wage and Hour Law

38. Plaintiff realleges and reasserts each and every allegation set forth in Paragraphs 1-37 above, as if each were set forth herein.

39. Plaintiff was an "employee" and Defendants were Plaintiff's "employer" within the meaning of the MWHL.

40. Defendants, as the employer for Plaintiff, were obligated to compensate Plaintiff for all hours worked at a rate of pay not less than the Maryland minimum wage.

41. While in Defendants' employ, Plaintiff worked many hours for which he received no compensation, or an amount less than the required Maryland and Montgomery County Minimum Wage.

42. As Plaintiff's "employer," Defendants were also obligated to pay Plaintiff at the rate of one-and-one-half (1½) times Plaintiff's regular rate of pay for hours worked each week in excess of forty (40), as required by the MWHL.

43. At all times, Defendants had actual knowledge that the compensation method and amount that Defendants paid Plaintiff was less than the compensation method and amount required by the MWHL.

44. Defendants' failure to pay compensation to Plaintiff as required by the MWHL was willful and intentional, and was not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiff under Count III for unpaid wages in such amounts as are proven at trial, plus interest (both pre- and post-judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

## COUNT IV
### Violation of Maryland Wage Payment and Collection Law

45. Plaintiff realleges and reasserts each and every allegation set forth in Paragraphs 1-44 above, as if each were set forth herein.

46. Plaintiff was an "employee" and Defendants were Plaintiff's "employer" within the meaning of the MWPCL.

47.     Under the MWPCL § 3-505, Defendants, as Plaintiff's employer, were obligated to pay Plaintiff all wages due for work performed by Plaintiff.

48.     As set forth above, Plaintiff performed work duties for Defendants for which Defendants failed and refused to pay Plaintiff all wages due. Additionally, Defendants failed to pay Plaintiff required minimum wage rates pursuant to the State of Maryland and Montgomery County Minimum Wage Law.

49.     Defendants owe Plaintiff wages for services performed, which Defendants have failed and refused to pay Plaintiff, as required by law.

50.     Defendants' failure and refusal to pay wages due to Plaintiff as required by the MWPCL was not the result of any *bona fide* dispute between Plaintiff and Defendants.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiff under Count IV for all unpaid wages in such amounts as are proven at trial, plus two (2) times the amount of unpaid wages as additional damages, interest (both pre- and post- judgment), reasonable attorney's fees, costs, and any other and further relief this Court deems appropriate.

## COUNT V
**Breach of Contract**

51.     Plaintiff realleges and reasserts each and every allegation set forth in Paragraphs 1-50 above, as if each were set forth herein.

52.     In exchange for his employment services, Defendants agreed to pay Mr. Arunachalam a monthly salary of $7,000.00, with bi-weekly payments of $3,500.00, as well as a 25% share of the profits of the business.

53. Defendants breached the agreement by failing to pay Mr. Arunachalam the salary of $7,000.00 a month. Defendants also breached the agreement by failing to provide him with a 25% share of all the profits.

54. Defendants breach has caused direct damages to Mr. Arunachalam in the amount of at least $107,050.00 for unpaid wages earned during his employment, as well as his pro-rata share of profits.

WHEREFORE, Plaintiff respectfully requests that the Court enter an award in Plaintiff's favor and against Defendants as follows: (1) Awarding Mr. Arunachalam compensatory damages of not less than least $107,050.00, plus an amount equal to his pro-rata share of profits, interest, or in such additional amount to be proven at trial; (2) Awarding Mr. Arunachalam punitive damages to the maximum extent permitted by law; (3) Awarding Mr. Arunachalam all of his expenses and costs, including his reasonable attorneys' fees; and (4) Granting such other and further relied as the Court deems appropriate.

## COUNT VI
**Unjust Enrichment**

55. Plaintiff realleges and reasserts each and every allegation set forth in Paragraphs 1-54 above, as if each were set forth herein.

56. At the specific request of Defendants and for their use and benefit, Plaintiff performed significant work for Shori Services and the Restaurant.

57. The value of the work performed for Defendants by the Plaintiff, for which he not been paid, is at least $107,050.00 in earned and unpaid wages.

58. During and since the performance of the work by the Plaintiff, Defendants have failed to pay Mr. Arunachalam, and there is due and owing to Mr. Arunachalam from Defendants, a principal sum amount of at least $107,050.00.

59. The acceptance or retention by Defendants of the benefit of Mr. Arunachalam's labor in the circumstances outlined above make it inequitable for them to retain the benefit without the payment of its value.

WHEREFORE, Mr. Arunachalam demands judgement against Defendants in the amount of not less than $107,050.00, in actual damages, additional compensatory damages caused by Defendants' actions, additional punitive damages, plus attorney's fees, pre- and post- judgment interest and costs, and such other and further relied as the nature of this matter may require.

Dated: January 9, 2023

Respectfully submitted,

_____/s/_____
Lindsay A. Freedman, Bar #12601
Freedman Law, LLC
10015 Old Columbia Rd., Suite B-215
Columbia, MD 21046
Phone: (410) 290-6230
Fax: (410) 290-5285
Email: laf@freedlawfirm.com

*Counsel for Plaintiff,*
*Kaliyamoorthy Arunachalam*