IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(SOUTHERN DIVISION)

| | | |
|---|---|---|
| **KALIYAMOORTHY ARUNACHALAM,** | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Case No. GLS-23-0046 |
| **SHORI SERVICES, LLC,** *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

**AMENDED MEMORANDUM OPINION**

Pending before the Court[1] are the following: (1) "Defendants' Motion to Dismiss (FRCP 12(b)(6)" and memorandum in support thereto ("Motion to Dismiss" or "the Motion") (ECF Nos. 29, 29-1), filed by Defendants Shori Services, LLC and Arokiyaselvam Ganapakasam; (2) an "Opposition to Defendants' Motion to Dismiss" ("Plaintiff's Opposition") (ECF No. 30), filed by Plaintiff Kaliyamoorthy Arunachalam; and (3) the "Defendants' Reply to Plaintiff's Opposition to Motion to Dismiss" ("Reply") (ECF No. 33).

The issues raised by the Motion to Dismiss have been fully briefed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2023). For the reasons set forth below, the Court will **DENY** Defendants' Motion.

**I.   BACKGROUND**

**A.  Procedural Background**

On January 9, 2023, Plaintiff, Kaliyamoorthy Arunachalam ("Plaintiff") filed suit against Defendants Shori Services, LLC ("Shori") and Arokiyaselvam Ganapakasm ("Ganapakasm"),

---

[1] The parties have consented to the jurisdiction of this Court pursuant to 28 U.S.C. § 636(c). (ECF No. 21).

collectively "the Defendants," asserting the following causes of action: Count I, violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, minimum wage violation; Count II, violation of the FLSA, overtime wage violation; Count III, violation of Md. Code Ann. Lab. & Empl. § 3-401 ("MWHL"), minimum wage and overtime wage violations; Count IV, violation of the Maryland Wage Payment and Collection Law, Md. Code Ann. Lab. & Empl. § 3-501 ("MWPCL"), failure to pay wages due; Count V, breach of contract; and Count VI, unjust enrichment. (ECF No. 1, "Complaint"). Specifically, Plaintiff alleges that Defendants failed to pay him approximately $107,050 in earned minimum and overtime wages as required by federal and state law. (*Id.*)

On January 17, 2023 and January 30, 2023, Plaintiff served summonses and the Complaint upon Defendants Ganapakasam and Shori, respectively. (ECF Nos. 8, 9). On February 7, 2023, Defendants filed a "Consent Motion to Extend Time for Defendants' Response to Plaintiff's Complaint." (ECF No. 15). Thereafter, the Court granted Defendants' Consent Motion to Extend Time, setting the deadline for Defendants to file their responsive pleading to the Complaint for February 24, 2023. (ECF No. 24).

On February 23, 2023, Defendants filed their Notice of Intent to file a motion to dismiss. (ECF No. 25). On March 10, 2023, Plaintiff filed his letter response thereto, per the Court's order. (ECF Nos. 26, 27).

On April 7, 2023, the Court granted Defendants' request to file a motion to dismiss. (ECF No. 28). Thereafter, Defendants filed the Motion, to which they attached as an exhibit an "Operating Agreement of Shori Services, LLC" ("the Agreement"). (ECF No. 29; ECF No. 29-1, the "Agreement"). Plaintiff filed his Opposition, and Defendants filed their Reply. (ECF Nos. 30, 33).

B. **Factual Background**[2]

Plaintiff was employed at Shori Services, LLC d/b/a Kaveri South Indian Restaurant ("the Restaurant") from approximately November 2019 through June 2021. (Complaint, ¶ 1).[3] On or about November 2019, Defendant Shori acquired the Restaurant. (Complaint ¶¶ 2, 7). During the relevant time period, Defendant Ganapakasam served as the principal owner and operator of the Restaurant. (Complaint, ¶ 4). According to Plaintiff, "through its agents, owners, officers and/or members," Defendant Shori directly "hired him, set his rate of pay, set the terms and conditions of his employment, set his schedule, directed him in the performance of his work, assigned the work, maintained employment records for Plaintiff and paid his wages." (*Id.,* ¶ 3). Specifically, Defendant Ganapakasam, as Shori's agent, hired Plaintiff as a general manager, after Defendant Ganapakasam assumed ownership of the Restaurant. (*Id.*, ¶¶ 4, 9, 11).

As general manager, Plaintiff performed duties as a chef, dishwasher, and host at the Restaurant. (*Id.,* ¶¶ 9, 48, 56). Plaintiff also helped order and maintain Restaurant supplies. (*Id.,* ¶ 9).

Defendant Ganapakasam promised to make Plaintiff a "partner." (*Id.,* ¶¶ 9, 11). To that end, Defendant Ganapakasam promised to give Plaintiff "CLASS B stock" and 25% of Restaurant profits. (*Id.,* ¶¶ 11, 52, 53). However, Plaintiff never received any profits or benefits "of an alleged partner" during his employment. (*Id.,* ¶¶ 16, 52-54).

As Plaintiff's supervisor, Defendant Ganapakasam had the authority to fire and discipline Plaintiff and set his work schedule; Defendant Ganapakasam also maintained Plaintiff's

---

[2] Unless otherwise noted, the facts are taken from the Complaint, ECF No. 1, and are construed in the light most favorable to the non-moving party, Plaintiff. This Court assumes Plaintiff's version of facts to be true. *See Baltimore Scrap Corp. v. Exec. Risk Specialty Ins. Co.*, 388 F. Supp. 3d 574, 584 (D. Md. 2019) ("In reviewing a 12(b)(6) motion, a court must accept as true all of the factual allegations contained in the complaint and must draw all reasonable inferences from those facts in favor of the plaintiff").
[3] Plaintiff also alleges that he worked at the Restaurant since 2016 as a franchise manager, but under previous management and not for either Defendant. (Complaint, ¶ 8).

employment records. (Complaint, ¶¶ 4, 9). Defendant Ganapakasam also enforced employee pay and benefits policies, which involved setting employees' rate of pay and managing the Restaurant's funds. (*Id.*, ¶ 4). Defendant Ganapakasam used the Restaurant's funds for his personal gain rather than to pay Plaintiff's wages. (*Id.,* ¶¶ 4, 58, 59).

During the relevant time period, Plaintiff typically worked approximately 12-14 hours per day, seven days a week. (Complaint, ¶ 12). As such, Plaintiff worked approximately 84 to 98 hours per week. (*Id.,* ¶¶ 13, 35). Defendant Ganapakasam promised to pay Plaintiff $7,000 per month in $3,500 bi-weekly payments. (*Id.,* ¶¶ 10, 52). However, Defendant Ganapakasam failed to maintain accurate time records, and he did not pay Plaintiff the agreed-upon amount of $7,000 per month. (*Id.,* ¶¶ 14, 15, 22, 53).

Because Plaintiff did not receive his biweekly $3,500 wages from November 2019 through October 2020, Plaintiff was at least entitled to minimum wage and overtime time wages under the FLSA, MWHL, and MWPCL. (*Id.,* ¶¶ 21-23, 27-30, 35-37, 42-44, 48-50). However, Defendant Ganapakasam failed to pay Plaintiff *any* wages during that time period. (*Id.,* ¶ 16) (emphasis in original). In addition, in April 2021 and May 2021, Defendant Ganapakasam only paid $4,000 of Plaintiff's wages. (*Id.,* ¶¶ 16, 17). Thus, Defendants owe him approximately $107,050 in unpaid wages. (*Id.,* ¶¶ 18-20, 49, 50, 54, 57-59). Plaintiff has requested that Defendant Ganapakasam pay these unpaid wages to no avail. (*Id.*, ¶ 20). Plaintiff continued to work for Defendants without pay until he was forced to resign due to financial hardship. (Complaint, ¶¶ 18, 56-59).

## II.     LEGAL STANDARDS

### A. Motion to Dismiss-12(b)(6)

A defendant who files a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is asserting that, even if a court construes the facts advanced in the plaintiff's complaint as true, the complaint

fails to state a claim upon which relief can be granted. To survive a motion to dismiss, a complaint must provide a defendant with "fair notice of what the claim is and the grounds upon which it rests." *Ray v. Roane*, 948 F.3d 222, 226 (4th Cir. 2020) (quoting *Tobey v. Jones*, 706 F.3d 379, 387 (4th Cir. 2013)). In other words, a complaint must contain sufficient facts and must state a "plausible claim for relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also* Fed. R. Civ. P. 8(a); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (complaint must set forth enough facts as to suggest a "cognizable cause of action"). A claim has "facial plausibility" when the plaintiff pleads factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

When resolving a 12(b)(6) motion, a court accepts as true the well-pleaded allegations in a complaint. *Lokhova. v. Halper,* 995 F.3d 134, 141 (4th Cir. 2021). Furthermore, a court "does not resolve contests surrounding the facts [or] the merits of a claim." *Ray*, 948 F.3d at 226 (citation omitted).

## B. Consideration of Documents Outside of Pleadings

In general, when a motion is filed pursuant to Fed. R. Civ. P. 12(b)(6), a court generally limits its review to the allegations in the complaint. *Goines v. Valley Cmty. Servs. Bd*., 822 F.3d 159, 166 (4th Cir. 2016) (citing *Occupy Columbia v. Haley*, 738 F.3d 107, 116 (4th Cir. 2013)). A trial court enjoys "complete discretion to determine whether or not to accept the submission of any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion and rely on it, thereby converting the motion, or to reject it or simply not consider it." *Kelly v. Lease*, Civ. No. RDB-16-3294, 2017 WL 2377795, at *1 (D. Md. May 31, 2017) (quoting 5 C Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1366 at 159 (3d ed. 2004, 2011 Supp.)).

There are two circumstances under which a court may consider additional documents outside of the pleading and not convert it to a summary judgment motion: (1) if the documents are explicitly incorporated into a complaint by reference, *Goines*, 822 F.3d at 166 (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)); or (2) when a document was "not attached to or expressly incorporated [by reference] in a complaint," provided that the document "was integral to the complaint and there is no dispute about the document's authenticity." *Goines, supra*, 822 F.3d at 166 (citing *Sec'y of State for Defence v. Trimble Nav. Ltd.,* 484 F.3d 700, 705 (4th Cir. 2007)). Under these circumstances, a court does not run afoul of Fed. R. Civ. P. 12(d). *Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015).

### III.   DISCUSSION

#### A.  Parties' Arguments

Defendants advance two overarching arguments in support of the Motion.

Defendants first aver that Counts I-IV should be dismissed because Plaintiff failed to sufficiently plead facts to support an inference that they are employers under the FLSA. To advance this argument, Defendants urge the Court to consider the Agreement, which they maintain demonstrates that Plaintiff is an employer under the FLSA. Defendants argue that Plaintiff relied upon the Agreement in the Complaint so the Court may properly consider it at this procedural stage without converting the Motion to a summary judgment motion.

Alternatively, if the Motion is denied, Defendants request that the Court grant them leave to file a motion for summary judgment, arguing that the Agreement, bank statements, credit card statements, and checks demonstrate that Plaintiff's FLSA claims are barred under the FLSA's executive exemption. Defendants' related argument is that if the Court will not grant the requested leave, Defendants ask the Court to limit initial discovery to the issue of who is an "employer"

under the FLSA. Finally, Defendants argue that if the Court dismisses Counts I-IV, then Counts V and VI of the Complaint must be dismissed for lack of supplemental jurisdiction.

Plaintiff counters that: (1) the Complaint sufficiently alleges that Defendants are employers under the FLSA; and (2) the Court should not consider the Agreement because it is not integral to the Complaint.

The Court addresses Defendants' arguments in turn, starting with the Agreement.

**B.  Consideration of the Agreement**

In order to consider the Agreement, the Court must determine whether the Agreement is integral to the Complaint and there is no dispute about its authenticity, or whether the Agreement is attached to or explicitly incorporated by reference in the Complaint. *Goines, supra*, 822 F.3d at 166. Thus, the question before the Court is whether Plaintiff has sufficiently pleaded facts from which the Court can infer, at this preliminary stage, that the Defendants are employers under the FLSA without consideration of the Agreement.

In this case, Plaintiff explicitly references the Agreement in the Complaint. *See e.g.,* Complaint, ¶ 53 ("Defendants breached the agreement by failing to pay [Plaintiff] the salary of $7,000.00 a month. Defendants also breached the agreement by failing to provide him with a 25% share of all the profits."). However, as Plaintiff correctly argues, the "Agreement does not explicitly address [Plaintiff's] wages, nor does it precisely track the realities of [Plaintiff's] employment." (Plaintiff's Opposition, p. 7). Put another way, although Plaintiff references the Agreement in the Complaint, his claims are not predicated upon statements contained in the Agreement. *See Goines*, *supra*, 822 F.3d at 166 (citing *Sira v. Morton,* 380 F.3d 57, 67 (2d Cir.2004) ("Limited quotation from or reference to documents that may constitute relevant evidence in a case is not enough to incorporate those documents, wholesale, into the complaint")).

Accordingly, the Court declines to consider the Agreement at this juncture because it is not integral to the Complaint. *See Heward v. Bd. of Educ. of Anne Arundel Cnty.*, Civ. No. ELH-23-195, 2023 WL 6381498, at *19 (D. Md. Sept. 29, 2023) (declining to consider reports attached to motion to dismiss because "[t]hese documents are not 'integral' to the Amended Complaint, nor do they give rise to the legal rights asserted").

### C. Defendants' Liability as Employers Under the FLSA

The FLSA defines "employer" to include "any person acting directly or indirectly in the interest of an employer in relation to an employee. . . ." 29 U.S.C. § 203(d). An individual who has "managerial responsibilities and substantial control of the terms and conditions of the work . . . of employees" is deemed to be an employer. *Id.*

To ascertain whether a defendant was an employer under the FLSA, a court "employs the 'economic reality test,' which 'focuses on whether the worker is economically dependent on the business to which he renders service or is, as a matter of economic [reality], in business for himself.'" *Mazariegos v. Pan 4 Am., LLC*, Civ. No. DLB-20-2275, 2021 WL 4339434, at *2 (D. Md. Sept. 23, 2021) (quoting *Kerr v. Marshall U. Bd. of Governors*, 824 F.3d 62, 83 (4th Cir. 2016) (internal quotations omitted)).

Under the "economic realities test," a court looks to a number of factors, including whether the putative employer: (1) has the "authority to hire and fire employees;" (2) "supervise[s] and controls work schedules or employment conditions;" (3) "determine[s] the rate and method of payment;" and (4) "maintain[s] employment records." *Kerr*, *supra*, 824 F.3d at 83 (quoting *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999). No single factor is dispositive; rather, a court must analyze the facts using a totality of the circumstances approach. *Gaske v. Crabcake Factory Seafood House, LLC*, Civ. No. JMC-18-2630, 2021 WL 5326465, at *3 (D. Md.

8

Nov. 15, 2021); *see also Hurd v. NDL, Inc.*, Civ. No. CCB-11-1944, 2012 WL 642425, at *5 (D. Md. Feb. 27, 2012) (citing *Rutherford Food Corp. v. McComb*, 331 U.S. 722, 730 (1947)).

When analyzing the four factors, the Court focuses on "whether a particular individual had sufficient operational control within a business enterprise to be considered an employer." *Guillen v. Armour Home Improvement, Inc.*, Civ. No. DLB-19-2317, 2022 WL 524986, at *5 (D. Md. Feb. 22, 2022) (quoting *Garcia v. Frog Island Seafood, Inc.*, 644 F. Supp. 2d 696, 721 (E.D.N.C. 2009)) (internal quotation marks omitted).

In this case, when construing the facts in the light most favorable to the non-moving party, the Court finds that Plaintiff has alleged sufficient facts to satisfy all elements of the economic realities test.

The first factor is easily met here, as Plaintiff alleges that Defendant Ganapakasam, acting as an agent of Defendant Shori and owner of the Restaurant, hired Plaintiff as general manager. (Complaint, ¶¶ 3, 4, 9). In addition, Defendants concede that Defendant Ganapaksm had the authority to hire and fire Plaintiff. *See* Motion, p. 7. Accordingly, construing the facts in the light most favorable to the Plaintiff, the Court finds that Plaintiff has plausibly alleged that Defendant Ganapakasam, acting in the interest of Defendant Shori, exercised control over Plaintiff's hiring.

Turning to the second factor, Plaintiff alleges that Defendant Ganapakasam supervised Plaintiff and established his work schedule. (*Id.*, ¶ 4). More specifically, Plaintiff alleges that his work schedule consisted of 12 to 14-hour shifts, seven days a week. (*Id.*, at ¶ 12). During his employment, Defendant Ganapakasam directed him to perform duties as a chef, dishwasher, and host. (*Id.*, at ¶ 9). Thus, viewing the facts as plead and drawing all reasonable inferences in favor of Plaintiff, the Court finds that Plaintiff has plausibly alleged that Defendant Ganapakasam, acting

in the interest of Defendant Shori, exercised control over Plaintiff's work schedule and employment conditions.

Regarding the third factor, Plaintiff alleges that Defendant Ganapakasam promised that Plaintiff would receive 25% of the Restaurant's profits and "CLASS B" stock. (*Id.*, ¶ 11). Defendant Ganapakasam promised to pay Plaintiff $7,000 per month, with bi-weekly payments of $3,500. (*Id.,* ¶ 10). Plaintiff further alleges that Defendant Ganapakasam controlled the corporate funds used to pay Plaintiff and approved Plaintiff's rate of pay. (*Id.,* ¶ 4). Thus, when construing the facts in his favor, Plaintiff adequately pleaded facts that plausibly demonstrate that Defendant Ganapakasam, acting in the interest of Defendant Shori, exercised control over the rate, frequency, and method of payment to Plaintiff.

With respect to the fourth factor, Plaintiff alleges that Defendant Ganapakasam maintained his employment records. (*Id.*, ¶ 11). Plaintiff further alleges that Defendant Ganapakasam failed to accurately maintain Plaintiff's time records and therefore failed to pay Plaintiff's earned wages. (*Id.,* ¶¶ 14, 16). Thus, when viewing the facts in the light most favorable to Plaintiff, he plausibly alleges that Defendant Ganapakasam, acting in the interest of Defendant Shori, maintained Plaintiff's employment records.

Accordingly, Plaintiff has plausibly alleged that Defendant Ganapakasm had sufficient operational control within the Restaurant to be an employer under the FLSA. *See  Pizzella v. Peters*, 410 F. Supp. 3d 756, 767 (D. Md. 2019) ("the [plaintiff] alleges facts about [the defendants] that relate to each element of the *Kerr* test, thereby meeting the FLSA's broad definition of employer").

Regarding Defendant Shori, Plaintiff alleges that "through its agents, owners, officers and/or members, Defendant Shori "hired him, set his rate of pay, set the terms and conditions of

his employment, set his schedule, directed him in the performance of his work, assigned the work, and maintained employment records for Plaintiff and paid his wages." (Complaint, ¶ 3). Thus, Plaintiff has plausibly alleged that Defendant Shori is also an employer under the FLSA. *See Wilson v. Marlboro Pizza, LLC*, Civ. No. PX 22-1465, 2023 WL 3122130, at * 3 (D. Md. Apr. 27, 2023) (denying motion to dismiss where plaintiff plausibly alleged that a corporate defendant acting through one of its officers is an employer under the FLSA).

The Court finds unavailing Defendants' argument that the allegations in the Complaint are conclusory because they "simply parrot the elements of the economic realities test." (Motion, p. 7). As held above, Plaintiff has sufficiently alleged facts that, if proven, would satisfy the economic realities test as to both Defendants. Accordingly, Plaintiff has stated a plausible claim for relief against both Defendants under Counts I and II, and the Motion is denied. *See Mazariegos*, *supra*, 2021 WL 4339434, at *3 (denying motion to dismiss where plaintiff alleged facts tracking the elements of the economic realities test); *Pizzella*, *supra*, 410 F. Supp. 3d at 767 (same).

Because the Court has held that Counts I-IV will not be dismissed, the Court need not entertain Defendants' argument that Counts V and VI must be dismissed for lack of supplemental jurisdiction. *See* 28 U.S.C. §1367(a); *Axel Johnson, Inc. v. Carroll Carolina Oil, Co.*, 145 F.3d 660, 662 (4th Cir. 1996). The Motion is also denied as to Counts V and VI.

### D.  Defendants' Request to File a Motion for Summary Judgment or Limit Discovery

The Court now turns to Defendants' alternative request for leave to file a summary judgment motion or otherwise limit discovery.

As a general matter, a court should grant summary judgment only "after adequate time for discovery." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448–49 (4th Cir. 2011) (holding that summary judgment

"is not appropriate where the parties have not had an opportunity for reasonable discovery") (citing *Gay v. Wall*, 761 F.2d 175, 178 (4th Cir. 1985)).

In this case, Defendants request leave to file a motion for summary judgment, arguing that the Agreement, bank statements, credit card statements, and cleared checks will prove that Plaintiff was not an employee under the FLSA, but rather an employer. Plaintiff appears to assert that the so-called facts attached to the Defendants' pleading are merely "cherry-picked evidence" genuinely in dispute; thus, the Defendants are employers under the FLSA.

Formal discovery has not occurred. Moreover, as held above, Plaintiff plausibly alleges facts which, if proven, could establish that the Defendants are employers under the FLSA. Thus, summary judgment briefing before discovery is inappropriate at this juncture. *See E.I. du Pont de Nemours & Co.*, 637 F.3d at 448. Accordingly, the Court denies as premature Defendants' alternative request to file a motion for summary judgment.

Finally, regarding Defendants' request to limit discovery, in effect, they seek to bifurcate discovery. As a general matter, pursuant to Fed. R. Civ. P. 26, a court retains "broad discretion to tailor discovery narrowly and to dictate the sequence of discovery." *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 595 n. 13 (2007) (per Rule 26, a court enjoys broad discretion to control the discovery allowed and the sequence in which such discovery shall occur).

Regarding a request to bifurcate discovery, a trial court retains broad discretion to grant or deny such a request. *See generally, Maher v. Continental Cas. Co.*, 76 F.3d 535, 545 (4th Cir.1996) (affirming bifurcation of claims and stay of discovery as to secondary claims); *In re Hutchinson,* 5 F.3d 750, 758 (4th Cir. 1993) (decisions on bifurcation reviewed for abuse of discretion); *Dixon v. CSX Transp., Inc.*, 990 F.2d 1440, 1443 (4th Cir. 1993) (same). Despite such broad discretion,

"bifurcation of discovery is the exception, rather than rule, and it is clear that in most instances, regular—that is, unbifurcated—discovery is more efficient." *Cardenas v. Resort Sales by Spinnaker, Inc.,* Civ. No. 20-cv-376, 2021 WL 733393, at *1 (D. S.C. Feb. 24, 2021) (quoting *Cent. Transp. Int'l, Inc. v. Gen. Electric Co.*, No. 3:08CV136–C, 2008 WL 4457707, at *3 (W.D.N.C. Sept. 30, 2008)).

In their request, Defendants do not clearly articulate why discovery should be bifurcated, nor do they cite to any of the relevant case law governing bifurcation. In addition, such a request is more properly advanced at a different procedural posture, namely after the Court resolves the Motion and after the Court enters an order informing the parties as to the date of a Rule 16 Conference and after the parties have discussed discovery (as required by Fed. R. Civ. P. 26(f)). *See generally,* Fed. R. Civ. P. 16(a), 26(f); Local Rule 104.4 (D. Md. 2023). Accordingly, the request to limit or bifurcate discovery is also denied.

### IV.   CONCLUSION

For the foregoing reasons, Plaintiff has stated claims upon which relief can be granted. Accordingly, the Motion to Dismiss, (ECF No. 29), is hereby **DENIED**, and Defendants' request for leave to file a Motion for Summary Judgment, or in the alternative, request to limit discovery, (ECF No. 33), is **DENIED as premature.**

Dated:  March 26, 2024

_____/s/_____
The Honorable Gina L. Simms
United States Magistrate Judge